UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Kellyann A. McKenzie,

                Plaintiff,

           v.

The Department of Finance of the City of
New York,

                Defendant

25-CV-2298 (NRM) (JAM)

**MEMORANDUM AND ORDER**

NINA R. MORRISON, United States District Judge:

    Plaintiff Kellyann A. McKenzie, proceeding *pro se*, commenced this civil action on April 7, 2025, in the United States District Court for the Southern District of New York. Compl. ("Compl."), ECF No. 1. The action was transferred to this Court on April 25, 2025. Transfer Order, ECF No. 5; Dkt. Entry Dated Apr. 25, 2025. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, Appl. to Proceed Without Prepaying Fees or Costs, ECF No. 2, is granted for the limited purpose of this Order. For the reasons set forth below, the Complaint is dismissed for failure to state a claim.

## I. Background

    The Complaint is filed on a form complaint for civil actions. Compl. In the space to provide a basis for federal-court jurisdiction, Plaintiff checks the box for federal question and states: "Stolen monies exceeding $1,000.00 [in] violation of RICO." *Id.* at 2.[1] In the space to describe the facts of her case, she claims that her vehicle was towed from her residence on March 24, 2025. *Id.* at 5. She states:

---

[1] As the pages of the complaint are not consecutively paginated, the Court refers to the pages assigned by the Electronic Case Filing System ("ECF").

"According to Defendant[,] Plaintiff owes $3,264.00 in bus lane violations and school zone speeding violations." *Id*. She asserts: "Plaintiff did not acquire all of these violations and has been stalked and harassed by the NYC mafia along with Nicholas Chrysan." *Id*. Plaintiff claims that the situation caused stress and "psych trauma (aggravation of bi-polar 2)." *Id*. She seeks $100,000 in damages. *Id*.

Plaintiff has filed multiple previous lawsuits in this Court. Five cases were dismissed for lack of subject matter jurisdiction. *See McKenzie v. Chung*, No. 23-CV-4520 (NRM) (LB), 2023 WL 4666438 (E.D.N.Y. July 20, 2023); *McKenzie v. Brown*, No. 23-CV-4556 (NRM) (LB), 2023 WL 4665802 (E.D.N.Y. July 20, 2023); *McKenzie v. T-Mobile*, No. 23-CV-4557 (NRM) (LB), 2023 WL 4665803 (E.D.N.Y. July 20, 2023); *McKenzie v. Warren*, No. 1:23-CV-05240 (NRM) (LB), 2023 WL 4903279 (E.D.N.Y. Aug. 1, 2023); *McKenzie v. Brown*, No. 24-CV-6730 (NRM) (LB), 2024 WL 4635224, (E.D.N.Y. Oct. 31, 2024). A sixth case was dismissed as duplicative of a prior filing. *See McKenzie v. Warren*, No. 24-CV-6729 (NRM) (LB), 2025 WL 1235116 (E.D.N.Y. Apr. 29, 2025). Four additional cases were initially dismissed with leave to amend and are awaiting Plaintiff's responses. *See McKenzie v. Chung*, No. 24-CV-6679 (NRM) (LB), 2025 WL 1181707 (E.D.N.Y. Apr. 23, 2025); *McKenzie v. October*, No. 24-CV-6696 (NRM) (LB), 2025 WL 821684 (E.D.N.Y. Mar. 15, 2025); *McKenzie v. T-Mobile*, No. 24-CV-6697 (NRM) (LB), 2025 WL 1181682 (E.D.N.Y. Apr. 23, 2025*)*; *McKenzie v. Warren*, No. 24-CV-6729 (NRM) (LB), 2025 WL 1235116, (E.D.N.Y. Apr. 29, 2025).

## II. Standard of Review

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

At the same time, federal courts give special consideration to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). When determining the sufficiency of a *pro se* complaint, the Court must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, a district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is

3

frivolous, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000), or the court lacks jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

## III. Discussion

In this case, Plaintiff seeks $100,000 in compensation for her car being towed after she was informed that she owed $3,264 for unpaid traffic tickets. Compl. at 5. She claims that she "did not acquire all of these violations." *Id*. She does not dispute that the tickets were issued to her vehicle, nor does she allege that she contested these violations or that she has evidence that these tickets were not validly issued to the vehicle registered in her name. Under these circumstances, it is difficult to understand why Plaintiff has brought this claim to federal court.

She cites a federal law, the Racketeer Influenced and Corrupt Organizations Act ("RICO"). This Act, codified at 18 U.S.C. §§ 1961–1968, is the rare criminal statute that provides a civil cause of action for private individuals harmed by criminal RICO activity. 18 U.S.C. § 1964(c). The statute applies to persons who use a pattern of racketeering activities in an enterprise engaged in or affecting interstate commerce. 18 U.S.C. § 1962. The statute defines "racketeering activity" as an act or

4

threat involving one of the serious crimes listed in the statute and requires a "pattern" consisting of two or more predicate acts of "racketeering activity." 18 U.S.C. § 1961(1), (4), (5). The so-called predicate acts include "extortion" if it is "chargeable under State law and punishable by imprisonment for more than one year" or indictable under federal law 18 U.S.C. § 1951. 18 U.S.C. § 1961(1).

Under New York law, extortion requires a "wrongful taking, obtaining or withholding of another's property" by extortion. N.Y. Penal L. § 155.05 (McKinney 2024).

> A person obtains property by extortion when he compels or induces another person to deliver such property to himself or to a third person by means of instilling in him a fear that, if the property is not so delivered, the actor or another will: (i) Cause physical injury to some person in the future; or (ii) Cause damage to property; or (iii) Engage in other conduct constituting a crime; [or certain other coercive actions].

*Id.* § 155.05(e). Federal criminal law states: "'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

Plaintiff's allegation that her car was impounded due to non-payment of multiple moving violations does not suggest that an "enterprise" committed the crime of extortion as defined by either state or federal law. Accordingly, Plaintiff's RICO claim against the New York City Department of Finance is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has suggested no other basis for this Court's jurisdiction over her claim. Since the complaint has no basis in law or fact, the complaint is dismissed without leave to amend. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir.

5

2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile.").

In light of Plaintiff's litigation history, the Court issues a warning: "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citation modified). Plaintiff has such a history. She has filed eleven actions in the past two years, not one of which has demonstrated merit. Accordingly, Plaintiff is warned that the continued filing of similar actions may result in a filing injunction barring her from filing new actions seeking *in forma pauperis* status without prior leave of this Court. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (requiring district court to provide notice and an opportunity to be heard prior to imposing a filing injunction on a litigant).

## IV. Conclusion

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 for the limited purpose of this Order. The complaint is dismissed without prejudice for failure to state a claim and lack of subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and send a copy of this Order and the Judgment to Plaintiff.

SO ORDERED.

_/s/ Nina R. Morrison_
NINA R. MORRISON
United States District Judge

Dated:    October 1, 2025
          Brooklyn, New York